UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| RICHARD L. VOWELL, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos.: 3:99-CR-41-TAV-CCS-1 |
| | ) | 3:16-CV-543-TAV |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

# MEMORANDUM OPINION

Before the Court is Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 46].[1] Petitioner bases his request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. The United States filed a response in opposition to relief on December 1, 2016 [Doc. 49]; Petitioner replied in turn on December 30, 2016 [Doc. 50]. Included in the petition and reply to the United States' response is a suggestion that this Court defer ruling on the instant petition pending the Eleventh Circuit's decision in *United States v. Antonio Heard*, No. 15-10612-BB (11th Cir. 2016) [Doc. 46 p. 6; Doc. 50 pp. 2–3]. For the reasons that follow, Petitioner's request for deferral will be **DENIED** and § 2255 motion will be **DENIED** and **DISMISSED WITH PREJUDICE**.

---

[1] On February 11, 2016, Federal Defender Services of Eastern Tennessee ("FDSET") was appointed for the limited purpose of reviewing the case to determine whether or not Petitioner is eligible for collateral relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* E.D. Tenn. SO-16-02 (Feb. 11, 2016). Consistent with that appointment, FDSET filed this petition.

## I. BACKGROUND

In 1999, Petitioner pled guilty to, and was subsequently convicted of, possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g) [Docs. 40, 43]. At the time of sentencing, Petitioner had numerous prior convictions, including: a 1979 Tennessee conviction for second-degree burglary [Presentence Investigation Report (PSR) ¶ 24; Doc. 49-1]; a 1980 Tennessee conviction for armed robbery [PSR ¶ 25; Docs. 49-2, 49-3]; a 1983 Georgia conviction for burglary of a dwelling house [PSR ¶ 29; Docs. 49-4, 49-5]; and a 1998 Tennessee conviction for aggravated burglary [PSR ¶ 33; Docs. 49-6, 49-7]. Based on the latter three convictions, the United States Probation Office deemed Petitioner to be an armed career criminal subject to the ACCA's enhanced fifteen-year mandatory minimum sentence [PSR ¶¶ 17]. In accordance with that designation, this Court sentenced Petitioner to 180 months' incarceration followed by five years' supervised release on November 15, 1999 [Doc. 27]. No direct appeal was taken.

Nearly seventeen years later—on September 7, 2016—Petitioner filed the instant petition challenging the propriety of his ACCA designation in light of the *Johnson* decision [Doc. 46 (arguing that he no longer has sufficient predicate offenses for ACCA enhancement)].[2]

## II. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a

---

[2] This Court finds that it need not determine whether Petitioner submitted the collateral challenge within the one-year period under § 2255(f) because, even if it were timely, the petition fails a matter of law.
2

petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### III. ANALYSIS

The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1) (emphasis added). The provision defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). Only the third portion of the above definition—the residual clause—was held to be unconstitutionally vague by the Supreme Court in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did not call into question the

remainder of the ACCA's definition of violent felony—the use-of-physical-force and enumerated-offense clauses. *Id.*; *United States v. Priddy*, 808 F.3d 676, 682–83 (6th Cir. 2015).

Petitioner does not dispute that his 1979 conviction for second-degree burglary and 1980 conviction for armed robbery remain violent felonies after the *Johnson* decision; the burglary offense under the enumerated-offense clause, *see United States v. Jones*, 673 F.3d 497, 505 (6th Cir. 2012) (holding that pre-1989 Tennessee second-degree burglary categorically qualifies as generic burglary and is, thus, a violent felony under the enumerated-offense clause), and armed robbery offense under the use-of-physical force clause, *see Mitchell v. United States*, No. 3:16-cv-132-TAV, 2016 WL 3349281, at *2 (E.D. Tenn. June 15, 2016) ("[A]rmed robbery . . . qualifies as a violent felony under the . . . use-of-physical-force clause."). As such, the validity of Petitioner's categorization as an armed career criminal depends on whether his 1983 Georgia burglary conviction or 1998 Tennessee aggravated burglary conviction remain violent felonies after the *Johnson* decision, i.e., under the use-of-physical-force or enumerated-offense clauses.

At the time Petitioner committed the former offense, the relevant Georgia statute read:

> [a] person commits the offense of burglary when, [(1)] without authority and [(2)] with the intent to commit a felony or theft therein, [(3)] he enters or remains [(4)] within the dwelling house of another or any building, vehicle, railroad car, watercraft, aircraft, or other structure designed for use as at the dwelling of another, or enters or remains within any other building, railroad car, aircraft, or any room or part thereof.

4

Ga. Code Ann. § 16-7-1 (1983). The same provision defined "railroad car" as trailers on flatcars, containers on flatcars, trailer on railroad property, or containers on railroad property. *Id.* Because the offense can be committed without the use of violent physical force, this Court's ability to rely on the same as an ACCA predicate depends on whether or not it aligns with the generic definition of burglary announced in *Taylor v. United States*, 495 U.S. 575 (1990), and thereby falls within the scope of the ACCA's enumerated-offense clause. *See, e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (rejecting challenge where the petitioner's prior convictions qualified as predicate offenses independent of the now-defunct residual clause), *overturned on other grounds by Mathis v. United States*, 136 S. Ct. 2246, 2251 n.1 (2016).

To determine whether Petitioner's violation of Georgia Code Annotated § 16-7-1 remains a violent felony under the enumerated-offense clause, the Court needs to identify the precise crime of conviction. *Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013).[3] To do so, the Court must employ a "categorical approach," under which it looks "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Id.* at 2283 (internal quotations omitted). If

---

[3] The Supreme Court clarified in *Descamps* how sentencing courts should identify a defendant's offense when the prior conviction involved the violation of a "divisible" statute—one which "comprises multiple, alternative versions of the same crime." 133 S. Ct. at 2284. Specifically, the Court explained that the sentencing court should employ a "modified categorical approach" and "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.* at 2281. The decision made clear that "the job . . . of the modified approach [was only] to identify, from among several alternatives, the crime of conviction so that the court can" determine whether that variant of the offense qualified as a violent felony under the ACCA's definition of violent felony. *Id.* at 2285.
5

the statute categorically aligns with the generic version of the offense, the inquiry is over. If, however, the statute criminalizes conduct in excess of that covered by the enumerated-offense clause, it becomes necessary to determine whether the statute is divisible or indivisible. A divisible statute is one that comprises multiple crimes, alternative sets of elements. *Id.* at 2281. An indivisible statute is one that contains a single crime, lone set of indivisible elements. *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). When faced with a divisible statute, the Court resorts to the "modified categorical approach," i.e., consults "a limited class of documents, such as indictments and jury instructions, to determine which alternative [set of elements] formed the basis of the defendant's prior conviction." *Id.* at 2281. Because the categorical and modified approaches are concerned with elements and not "facts underlying [any particular] conviction," *Id.* at 2285, the Court is prohibited from using either approach to distinguish between alternative means for satisfying a single indivisible element. *Mathis*, 136 S. Ct. at 2253–54. As such, it is important that the Court distinguish between divisible provisions to which the modified approach can be applied and indivisible provisions to which it cannot. Convictions under an overly broad indivisible provision are incapable of serving as a predicate offense for ACCA enhancement.

For purposes of § 924(e), the Supreme Court has defined generic burglary as any conviction, "regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor*, 495 U.S. at 599. The inclusion of vehicles, railcars, watercraft, and aircraft within the list of locations capable of being burglarized expands the Georgia burglary

6

provision beyond the scope of *Taylor*'s definition. *See, e.g.*, *United States v. Bennett*, 472 F.3d 825, 832 (11th Cir. 2006) (noting that Georgia Code Annotated § 16-7-1 criminalized entry into a broad category of vehicles, railroad cars, watercraft, and aircraft and, as a result, was not fully subsumed within the scope of *Taylor*'s definition of generic burglary). As such, this Court's continued reliance on the conviction as an armed career criminal predicate depends on whether the statute is divisible or indivisible.

To determine whether the list of locations set out in Georgia Code Annotated § 16-7-1 constitute alternative elements for commission of multiple divisible crimes or alternative means of satisfying a single indivisible crime, the Court must consider: (1) the text of the statute; (2) any state court decisions interpreting that statute; and (3) where "state law fails to provide clear answers, . . . the record of a prior conviction," i.e., charging documents and jury instructions, for the "limited purpose" of distinguishing between means and elements. *Id.* at 2256–57. With regard to the third factor, the Supreme Court has provided the following:

> Suppose, for example, that one count of an indictment and correlative jury instructions . . . use a single umbrella term like "premises" . . . the record would then reveal what the prosecutor has to (and does not have to) demonstrate to prevail. Conversely, an indictment and jury instructions could indicate, by referencing one alternative term to the exclusion of all others, that the statue contains a list of elements, each one of which goes toward a separate crime.

*Id.* at 2257. Applying the above analysis to the instant case leads this Court to conclude that Georgia Code Annotated § 16-7-1 is divisible, meaning the statute contains several alternative sets of elements as opposed to alternative means of satisfying a single indivisible set of elements.

7

Unlike the Iowa statute at issue in *Mathis*,[4] Georgia Code Annotated § 16-7-1 identifies three distinct categories of location that are subject to unlawful entry—(1) the dwelling house of another, (2) any other building, vehicle, railroad car, watercraft, aircraft, or other structure designed for use as the dwelling of another; or (3) any other building, railroad car, aircraft. The Supreme Court made clear in the *Descamps* decision that the use of "or" to separate clauses within a provision is a strong indicator that each clause represents an alternative element for which satisfaction equates to an independent criminal offense. *See Descamps*, 133 S. Ct. at 2281 (explaining that an example of a divisible statute is one "stating that burglary involves entry into a building or an automobile"). While the foregoing weights strongly in favor of finding that the Georgia burglary statute is divisible, the fact that Georgia law requires prosecutors select, identify, and charge the specific location burgled, *see, e.g.*, *Morris v. State*, 303 S.E.2d 492, 494 (Ga. App. 1983) (stating that "where the defendant is charged with burglary, the indictment must specify the location of the burglary" and concluding indictment was sufficient where it charged a building," identified as "the Financial Aid Office and Alumni Office, located at For Valley State College"); *State v. Ramos*, 243 S.E.2d 693, 693 (Ga. App. 1978) (stating that it is not necessary to prove "the specific place" to obtain a theft-by-taking conviction, but it is necessary to prove the

---

[4] In *Mathis*, the Supreme Court held that: (1) a prior conviction does not qualify as a generic form of a predicate violent felony for purposes of the ACCA if an element of the crime of conviction is made broader than an element of the generic offense by way of an enumerated list of alternative factual means for satisfaction of the former; and (2) Iowa's burglary statute—which defines "structure" to include any building, structure, [or] land, water, or air vehicle"—had a broader locational component than generic burglary. 136 S. Ct. 2247–48, 53–54. Because the "structure" element of Iowa's burglary statute was broader than the parallel element of generic burglary, the Court concluded that the petitioner's prior convictions were incapable of supporting enhancement under the enumerated offense clause. *Id.* at 2257.

8

"specific location" to obtain a burglary conviction): *Chester v. State*, 140 S.E.2d 52, 53 (Ga. App. 1964) ("It must be alleged and proven in an indictment for burglary that there was a breaking and entering of one of the classes of buildings set out in the statute."), and fact that the Georgia Supreme Court has referred to the location of the crime as "an essential element of the offense," *DeFrancis v. Manning*, 271 S.E.2d 209 (1980), forecloses any doubt. Because the provision is divisible, *see United States v. Gundy*, No. 14-12113, 2016 WL 6892164, at *8–9 (11th Cir. Nov. 23, 2016) ("For all of the above reasons, we conclude that the alternative locational elements in the Georgia statute are divisible."); *United States v. Martinez-Garcia*, 625 F.3d 196, 198 (5th Cir. 2010) (same), the modified approach can be applied to determine of which variant Petitioner was convicted in 1983.

The state-court indictment and judgment associated with Petitioner's Georgia burglary conviction conclusively demonstrate that it involved burglary of a "dwelling house" [Docs. 49-4, 49-5], and not a vehicle, railroad car, watercraft, or aircraft. Because the conviction falls within the scope of *Taylor*'s generic definition, it remains a predicate for purposes of enhancement.

To the extent that Petitioner's suggests the absence of a "breaking and entering" element removes all forms of Georgia burglary from the generic definition [Doc. 50 p. 3 (arguing that the Georgia provision does not require unlawful entry along the lines of breaking and entering)], this Court disagrees. While it is true that Georgia Code Annotated § 16-7-1 is capable of commission by means other than "forceful" entry, the offense nonetheless requires that the entry or remaining in be "without authority." *State v. Newton*, 755 S.E. 2d 786, 788–789 (Ga. 2014). The fact that entering and remaining "without

9

authority" invariably involves conduct akin to "unprivileged entry in, or remaining in," *see, e.g.*, *United States v. Bowden*, 975 F.2d 1080, 1084–85 (4th Cir. 1992) (holding that "the entry of a man who enters without breaking [but] with intent to commit a felony or larceny is neither lawful nor privileged, so it must be within *Taylor*"), means Georgia burglary categorically qualifies as a generic version of the offense so long as the location burgled aligns with *Taylor*'s definition of "building or structure."[5]

IV.     **REQUEST FOR STAY PENDING ELEVENTH CIRCUIT DECISION**

In addition to the underlying petition, this Court is in possession of what it interprets as a request to defer ruling pending the Eleventh Circuit's decision in *United States v. Antonio Heard* [Doc. 46 p. 6; Doc. 50 p. 2–3]. As support, Petitioner argues that recent requests for supplemental briefing in that case make it clear that the panel is likely to make a post-*Mathis* determination regarding divisibility of Georgia Code Annotated § 16-7-1 [*Id.*].

"Whether to stay a case pending a potentially dispositive decision in an appellate court is a pre-trial matter committed to the sound discretion of the [court]." *United States v. Johnson*, No. 3:11-CR-48, 2016 WL 4035187, at *1 (S.D. Ohio July 28, 2016). Because a separate panel of the Eleventh Circuit recently concluded that § 16-17-1 is divisible and that the "dwelling house" variant of that offense remains a predicate offense under the enumerated-offense clause, and because decisions of the Eleventh Circuit are not binding on courts outside of that circuit, s*ee Gundy*, 2016 WL 6892164, at *8–9 (concluding, post-

---

[5] Because at least three prior convictions qualify as violent felonies independent of the now-defunct residual clause, the *Johnson* decision is inapposite to Petitioner's case. As a result, the Court finds that it need not determine the status of his Tennessee aggravated burglary conviction.

10

*Mathis*, that Georgia Code Annotated § 16-7-1 is divisible), this Court finds that deferring resolution of the instant petition pending the *Heard* decision is unnecessary under the circumstances. As such, it will not issue the requested stay.

## V. CONCLUSION

For the reasons discussed, Petitioner's request for deferral [Doc. 46 p. 6; Doc. 50 pp. 2–3] will be **DENIED** and § 2255 motion [Doc. 46] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan  
CHIEF UNITED STATES DISTRICT JUDGE

11

Case 3:99-cr-00041-TAV-CCS   Document 51   Filed 01/30/17   Page 11 of 11   PageID #: 105