UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:99-CR-41-TAV-CCS-1 |
| RICHARD L. VOWELL, | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on defendant's pro se motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 and 711 to the United States Sentencing Guidelines Manual [Doc. 61]. The Federal Defender Services of Eastern Tennessee has filed a notice of no intention to supplement the pro se motion [Doc. 62]. The government has not responded, and the time for doing so has elapsed. *See* SO-24-05.[1]

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions."

---

[1] The Court notes that this pro se motion was docketed on the Court's electronic case filing system ("ECF") as a motion to reduce sentence under Amendment 821 to the Sentencing Guidelines [Doc. 61]. Standing Order 24-05 sets forth the timelines for responding to motions under Amendment 821. Although, on the Court's review, it appears that defendant's motion does not refer to Amendment 821, the Federal Defender Services of Eastern Tennessee nonetheless proceeded under this standing order in filing a notice of no intention to file a supplemental motion [Doc. 62]. Under the standing order, the government had 45 days from the date of the notice of no intention to file a response. SO-24-05. However, if the Court were to presume that Standing Order 24-05 is inapplicable because defendant does not move for relief under Amendment 821, the deadline for filing a response under the Local Rules would have been 14 days from the filing of the motion. *See* E.D. Tenn. L.R. 7.1(a). Accordingly, even under a more generous interpretation of the applicable deadline for a response, the government has not timely responded.

*Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Defendant cites § 3582(c)(2) as the grounds for his requested sentence reduction.

Defendant identifies Amendments 706 and 711 to the Sentencing Guidelines as the support for his requested relief under § 3582(c)(2). Amendment 706 is a retroactively applicable amendment that reduced the base offense levels in § 2D1.1 of the Guidelines for unlawful possession of all but the largest quantities of crack cocaine. *United States v. Perdue*, 572 F.3d 288, 290 (6th Cir. 2009). "Amendment 706 was further amended by the technical and conforming amendments set forth in Amendment 711[.]" *Id.* at 291. However, defendant was not convicted of a crack cocaine offense, but rather, was convicted of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g) [*See* Doc. 51, p. 2]. Therefore, Amendments 706 and 711 have no bearing on the calculation of defendant's sentencing range, as required for relief under § 3582(c)(2).

Moreover, a review of defendant's filing does not allow the Court to construe any other amendment to the Sentencing Guidelines applicable to his arguments. Rather, defendant appears to contest the constitutionality of his conviction, challenge the manner in which his sentence is being executed, and complain of the conditions of his confinement [Doc. 61]. But these are matters that are more appropriate raised in a motion to vacate

2

under 28 U.S.C. § 2255, habeas corpus petition under 28 U.S.C. § 2241, or a civil complaint under 18 U.S.C. § 1983, respectively.

Because defendant has set forth no grounds for relief under § 3582(c)(2), his motion [Doc. 61] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE